# United States Court of Appeals
## For the First Circuit

_____

No. 23-1043

DHANANJAY PATEL, SAFDAR HUSSAIN, VATSAL CHOKSHI, DHAVAL PATEL, and NIRAL PATEL, on behalf of themselves and all others similarly situated,

Plaintiffs, Appellants,

v.

7-ELEVEN, INC.,

Defendant, Third-Party Plaintiff, Appellee,

MARY CADIGAN; ANDREW BROTHERS,

Defendants,

DP MILK STREET INC.; DP JERSEY INC.; DP TREMONT STREET INC.; DPNEWT01,

Third-Party Defendants
_____

Before

Thompson, Selya, and Montecalvo,

<u>Circuit Judges</u>.
_____

**ORDER OF COURT**

Entered: July 28, 2023

  This case requires us to consider what is meant, in the context of a franchise arrangement, by "performing any service" as it is used in the Massachusetts Independent Contractor Law ("ICL"), Mass. Gen. Laws ch. 149, § 148B(a), which provides as follows:

> For the purpose of this chapter and chapter 151, an individual performing any service, except as authorized under this chapter, shall be considered to be an employee under those chapters unless:—

> (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
>
> (2) the service is performed outside the usual course of the business of the employer; and,
>
> (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Indeed, the issue raised in the appeal now before us may well hinge on the district court's interpretation of the phrase "performing any service," the meaning of which may well determine the applicability of the statute to the parties' dispute.

Having thoroughly considered the issues presented in the parties' briefs and at oral argument, the Court is inclined to certify this question of law to the Massachusetts Supreme Judicial Court. Accordingly, the parties and amicus are hereby ordered to confer in an attempt to agree on the form of any proposed question(s) to be certified to the Massachusetts Supreme Judicial Court. In the event that the parties are unable to reach agreement, each party shall submit the question(s) it proposes for certification. Any and all proposed questions shall be filed with this Court (simultaneously, in the event no agreement is reached) on **August 18, 2023.**

By the Court:

Maria R. Hamilton, Clerk

cc:
Shannon Erika Liss-Riordan
Adelaide H. Pagano
Matthew Carrieri
Matthew J. Iverson
Norman M. Leon
Jennifer C. Brown
Jamie L. Kurtz
Patricia Zapata Schiraldi
David C. Kravitz
Douglas S. Martland
Peter N. Downing
Kate Watkins